IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CIVIL ACTION NO. 1:14-CV-1040

| | |
|---|---|
| CHRISTOPHER WALLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> USA TACTICAL FIREARMS, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | **NOTICE OF REMOVAL** |

Defendant USA Tactical Firearms, LLC ("USA Tactical") hereby files Notice of Removal of this action from the North Carolina General Court of Justice, Superior Court Division, Rowan County, to the United States District Court for the Middle District of North Carolina, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this removal, USA Tactical states as follows:

1. On or about November 12, 2014, an action was commenced against USA Tactical in the North Carolina General Court of Justice, Superior Court Division, Rowan County, File No. 14 CvS 2490, entitled <u>Christopher Waller v. USA Tactical Firearms, LLC</u> (the "State Court Action").

2. USA Tactical was served on November 14, 2014, with a copy of the Summons and Complaint filed in the State Court Action. Accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b).

3. The Complaint alleges that Plaintiff is a citizen and resident of Rowan County, North Carolina.

4. Plaintiff's Complaint alleges that USA Tactical failed to pay overtime wages to him during his course of employment with USA Tactical, in that Defendant's actions were designed "to circumvent and avoid payment of overtime wages to the Plaintiff." (Complaint, paragraph 43). While Plaintiff's Complaint alleges that Defendant's actions in failing to pay overtime wages to Plaintiff violated N.C. Gen. Stat. §95-25.4, N.C. Gen. Stat. §95-25.14 provides that §95-25.4 does not apply to employers covered by the Fair Labor Standards Act, 29 U.S.C. 201, et. seq. As USA Tactical is a business covered under the Fair Labor Standards Act, as it has gross sales in excess of $500,000 per year, Plaintiff's claim for unpaid overtime wages is a claim arising under the Fair Labor Standards Act, 29 U.S.C. 201, et. seq., which is federal wage and hour law. Thus, Plaintiff's Complaint presents a question of federal law.

5. The above-captioned case is a civil action that is subject to removal pursuant to 28 U.S.C. § 1441 because it presents a federal question that falls within this Court's original jurisdiction under 28 U.S.C. § 1331.

6. Attached as Exhibit A are copies of pleadings, including the Complaint and Summons, served on USA Tactical.

7. Venue is appropriate in the Middle District of North Carolina because the North Carolina General Court of Justice, Superior Court Division, Rowan County, is located within this judicial district. 28 U.S.C. § 1441(a).

8. Promptly after the filing of this Notice of Removal in the United States District Court for the Middle District of North Carolina, USA Tactical will give notice of the filing of this Notice of Removal to the North Carolina General Court of Justice, Superior Court Division, Rowan County, and to Plaintiff through his attorney in compliance with 28 U.S.C. § 1446(d).

Case 1:14-cv-01040-WO-JLW   Document 1   Filed 12/11/14   Page 2 of 12

WHEREFORE, Defendant USA Tactical Firearms, LLC, hereby removes and gives notice of removal of this action from the North Carolina General Court of Justice, Superior Court Division, Rowan County, to the United States District Court for the Middle District of North Carolina.

This the 11th day of December, 2014.

/s/ Brian M. Freedman
Brian M. Freedman
N.C. Bar No. 16631
Attorney for Defendant
Freedman Law Firm
2725 Horse Pen Creek Rd., Suite 101
Greensboro, NC 27410
Telephone: (336) 375-9737
Facsimile: (336) 375-4430
E-mail: bmf@bfreedmanlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **NOTICE OF REMOVAL** has been filed electronically with the Clerk of the Court using the CM/ECF system and duly served by depositing a copy thereof in the United States mail, first-class, postage prepaid, to the following:

> David A. Shelby, Esq.
> Doran, Shelby, Pethel and Hudson, P.A.
> P.O. Box 4479
> Salisbury, NC 28145-4479

This the 11th day of December, 2014.

> /s/ Brian M. Freedman
> Brian M. Freedman
> N.C. Bar No. 16631
> Attorney for Defendant
> Freedman Law Firm
> 2725 Horse Pen Creek Rd., Suite 101
> Greensboro, NC 27410
> Telephone: (336) 375-9737
> Facsimile: (336) 375-4430
> E-mail: bmf@bfreedmanlaw.com

EXHIBIT A

# STATE OF NORTH CAROLINA

Rowan County

File No. _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
CHRISTOPHER WALLER

**Address**
c/o David A. Shelby, Esquire, PO Box 4479

**City, State, Zip**
Salisbury, NC 28145-4479

VERSUS

**Name Of Defendant(s)**
USA TACTICAL FIREARMS, LLC

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
USA TACTICAL FIREARMS, LLC
112 Court Street
Statesville, North Carolina 28677-5803

**Name And Address Of Defendant 2**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
David A. Shelby, Esquire
Doran, Shelby, Pethel and Hudson, P.A.
Post Office Box 4479
Salisbury, NC 28145-4479

**Date Issued:** 11-12-14
**Time:** 8:56 ☒ AM ☐ PM
**Signature:** KCollins
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** ____ **Time** ____ ☐ AM ☐ PM
**Signature**
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

Case 1:14-cv-01040-WO-JLW   Document 1   Filed 12/11/14   Page 6 of 12

NORTH CAROLINA

ROWAN COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CvS 2490

CHRISTOPHER WALLER,
        Plaintiff,

v.

USA TACTICAL FIREARMS, LLC,
        Defendant.

COMPLAINT

(Jury Trial Demanded)

NOW COMES the Plaintiff, by and through his counsel, who hereby alleges and says as follows:

1. The Plaintiff is a citizen and resident of Rowan County, North Carolina.

2. The Plaintiff is a former employee of Defendant.

3. The Plaintiff is an "employee" under the provisions of N.C. Gen. Stat. §95-240 *et seq.*, generally known as the Retaliatory Employment Discrimination Act (REDA").

4. That, upon information and belief, Defendant is a limited liability corporation organized and existing under the laws of the State of North Carolina.

5. Each and every action complained of herein was taken by Defendant or some employee thereof, acting in his or her official capacity and for and on behalf of Defendant.

6. This Court has jurisdiction to hear this action pursuant to N.C. Gen. Stat. §95-243.

7. Venue in this Court is proper pursuant to N.C. Gen. Stat. §95-243(a), this being the county in which the Plaintiff resides.

8. That Defendant hired Plaintiff on approximately January 1, 2013 as a gunsmith and sales representative until May 5, 2014, when Plaintiff was wrongfully discharged from his employment.

9. That Defendant is a manufacturer and supplier of firearms, particularly firearms consisting of what is commonly known as the AR-15 platform. Defendant sold, as part of its product line, a weapon on the AR-15 platform in caliber 7.62 x 39.

10. As part of his position as the only formally trained gunsmith employed by the Defendant, Plaintiff became aware that weapons manufactured by the Defendant in this caliber had experienced bolt lug failure. In each of these failures, lugs 1 and 7 of the bolt sheered completely off and lugs 2 and 6 had cracks.

11. Lug failure in the AR-15 platform has the potential to be catastrophic in terms of the possible harm caused to the shooter or bystander. The Plaintiff recommended testing to the Defendant to determine the cause of the bolt failure.

12. Because testing would require shooting the rifles in question by the Plaintiff and other employees of the Defendant, Plaintiff made recommendations as to what equipment was needed in order to properly test the rifles safely. Additionally, Plaintiff made recommendations as to what type of testing was necessary to determine the cause of the bolt failure.

13. Additionally, the rifles sold by the Defendant were test fired by employees of the Defendant prior to shipment for function testing. When test firing the rifles in 7.62 x 39 caliber given the bolt failure, any employee subjecting the rifles to a pre-shipping function test fire could have been harmed by a bolt failure.

14. The bolt failure in the 7.62 x 39 rifles had the potential to injury employees of the Defendant test firing rifles prior to shipment; test firing rifles in the process of attempting to identify the cause of the failure; or injury end the use of the Defendant's product.

15. On February 26, 2014, the Plaintiff sent a failure report to the Defendant recommending testing to determine the cause of the 7.62 x 39 bolt failures. Further, Plaintiff requested equipment in order to safely perform the testing.

16. Plaintiff's request to the Defendant was ignored. Defendant shipped out replacement bolts to end users without testing to determine the cause of the bolt failures. Plaintiff issued an email to the Defendant's owners and other employees on May 1, 2014 about his concerns over the safety of rifles chambered in 7.62 x 39 caliber. Plaintiff ended said email by advising the Defendant that based on his training, he felt it was his "responsibility to bring these concerns to the management and staff before an injury or liability situation occurs."

17. Plaintiff was not scheduled to work on May 2, 2014 as he had the day off.

18. On May 5, 2014, the first workday Plaintiff was scheduled to work after his May 1, 2014 email, Plaintiff was terminated.

19. That Plaintiff applied for unemployment benefits effective May 4, 2014 and he was awarded such benefits in a preliminary adjudication. Defendant appealed the determination, seeking adjudication that Plaintiff was disqualified from receiving unemployment benefits and a hearing was scheduled for August 28, 2014.

20. That on August 26, 2014, Defendant withdrew its appeal of Plaintiff's claim for unemployment benefits.

21. That Plaintiff filed a complaint with the NC Department of Labor that Defendant terminated Plaintiff from employment after Plaintiff expressed concerns that the Defendant sold weapons that were unsafe and could cause harm to the employees of the Defendant and end users.

22. This Complaint is made pursuant to the provisions of N.C. Gen. Stat. §95-240. Plaintiff has exhausted all administrative remedies available to him under the provisions of N.C. Gen. Stat. §95-240. On September 29, 2014, the North Carolina Department of Labor issued Plaintiff a Merited Right-to-Sue letter, and Plaintiff is initiating this action within the time period required by N.C. Gen Stat.§95-243(b). Said Right to Sue letter is attached as Exhibit A.

23. That the Defendant's unlawful termination of Plaintiff's employment violates the state's public policy of promoting the safety of employees in the workplace and protecting the employees' right of free speech so that they may express those safety concerns to their workplace supervisors without fear of reprisals, such as discharge from employment.

24. That as a direct, foreseeable, and proximate cause of Defendant's wrongful actions, in violation of public policy and Plaintiff's right to due process, as heretofore alleged, Plaintiff has been damaged in that his employment was terminated.

## FIRST CLAIM FOR RELIEF FOR REDA VIOLATION

25. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 24 of the Complaint.

26. Defendant's treatment of Plaintiff and subsequent termination constituted discrimination and retaliation against Plaintiff within the meaning of N.C. Gen. Stat. §95-240(2).

27. That the unfavorable actions of Defendant against Plaintiff as described herein were taken while Plaintiff was engaged in a protected activity within the meaning of REDA, including but not limited to, complaints about employee safety and health hazards in the place of employment covered by the Occupational Safety and Health Act of North Carolina.

28. That Plaintiff was subjected to adverse employment actions concerning the terms, condition, privileges and benefits of his employment with Defendant and he was terminated from his employment in retaliation for voicing safety concerns to his employer.

29. That, as a direct and proximate result of Defendant's actions, Plaintiff has been damaged in the following respects: he has lost pay, allowances and benefits to which he otherwise would be entitled, and he will incur attorneys' fees and related costs and expenses to enforce his rights under North Carolina law.

30. That, as a result of the actions of Defendant and the damages resulting therefrom, Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000), the exact amount to be proven at trial.

## SECOND CLAIM FOR RELIEF FOR WILLFUL VIOLATION

31. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30 of the Complaint.

32. The unfavorable actions of Defendant against Plaintiff, as described herein,

including Defendant's wrongful termination of Plaintiff's employment, was willful and constituted willful, wanton, malicious and knowing violations of N.C. Gen. Stat. §95-240, *et seq.*

33. That, in accordance therewith, Plaintiff is entitled to an award trebling the amount of damages awarded for violations set forth in the First Claim for Relief.

### THIRD CLAIM FOR RELIEF FOR WRONGFUL DISCHARGE

34. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 33 of the Complaint.

35. North Carolina has declared it to be the public policy of this State to ensure so far as possible every working man and woman in the State of North Carolina safe and healthful working conditions and to preserve our human resources. Plaintiff's termination for expressing his safety concerns constituted discrimination in violation of the strong public policy of North Carolina. Plaintiff's wrongful termination entitles him to compensatory damages from Defendant.

36. As a result of the discrimination claimed herein, Plaintiff has suffered loss of earnings and other monetary losses to be proven at trial.

37. The officers, directors and/or managers of Defendant participated in or condoned each and every action complained of herein.

38. Plaintiff's termination because he expressed safety concerns to his employer constituted a gross, wanton, and reckless violation of public policy and a disregard of his rights, entitling him to punitive damages against Defendant.

### FOURTH CLAIM FOR RELIEF FOR UNPAID WAGES

39. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 38 of the Complaint.

40. That during the Plaintiff's employment with the Defendant, Defendant would issue paychecks to the Plaintiff from the Defendant and a related company, EDM Systems, L.L.C.

41. That these paychecks were often for the same pay periods but Plaintiff performed no work for EDM Systems, L.L.C.

42. The Defendant would often pay Plaintiff for forty (40) hours of work on one paycheck and then issue another check from EDM Systems, L.L.C. to the Plaintiff for the hours Plaintiff worked for the Defendant in excess of forty (40) hours.

43. That the purpose of the paychecks from EDM Systems, L.L.C. was to circumvent and avoid payment of overtime wages to the Plaintiff, in violation of N.C. Gen. Stat. §95-25.4.

44. Additionally, Defendant would issue paychecks from its own account which did not pay overtime for weeks in which the Plaintiff worked greater than forty (40) hour per week and Defendant additionally paid Plaintiff at different hourly rates without explanation.

45. That the Defendant's refusal to pay the Plaintiff his full wages and overtime has been willful such that the Defendant should be ordered to pay the full penalty of double damages and should be assessed with the costs of this action, including an award of attorney's fees.

46. That the Defendant is liable to the Plaintiff for the aforesaid unpaid wages and overtime, double damages, and costs, which exceeds the sum of Ten Thousand Dollars ($10,000).

NOW, THEREFORE, in accordance with the foregoing, the Plaintiff prays the Court:

1. That the Plaintiff have and recover of the Defendant judgment for compensatory damages exceeding Ten Thousand Dollars ($10,000) plus interest thereon from and after the filing of this action, until paid, in the highest amount allowed by law.

2. That the Court treble any amount of damages in accordance with N.C. Gen. Stat. §95-243.

3. That the Plaintiff recover judgment against the Defendant for unpaid wages and overtime and a statutory penalty of double damages, plus pre-judgment and post-judgment interest as allowed by law.

4. That the court award Plaintiff all costs and attorneys' fees and interest in this case.

5. That the Plaintiff have and recover of the Defendant judgment for punitive damages for Defendant's gross violations of public policy and disregard of Plaintiff's rights in an amount in excess of Ten Thousand Dollars ($10,000).

6. For a jury trial on all the issues, herein, so triable.

7. That the Court grant Plaintiff such other and further relief as deemed just and proper.

This the 12th day of November, 2014.

DORAN, SHELBY, PETHEL and HUDSON, P.A.
Attorneys for Plaintiff

By: _____
DAVID A. SHELBY
Post Office Box 4479
Salisbury, NC 28145-4479
(704) 633-3446



EXHIBIT A

Cherie K. Berry
Commissioner

Julie A. Hughes
Discrimination Investigator
Employment Discrimination Bureau

September 29, 2014

Mr. Christopher Waller
155 Traveller Lane
Salisbury, NC 28146

    File: #187-14    Complainant: Christopher Waller
                            Respondent: USA Tactical Firearms USA

Dear Mr. Waller:

    Your complaint alleging a violation of the Retaliatory Employment Discrimination Act (REDA) has been investigated by the Employment Discrimination Bureau of the North Carolina Department of Labor. Based on the facts and documents reviewed during the investigation, it has been determined there is sufficient evidence to establish that a violation of the law may have occurred. Attempts to resolve this matter were unsuccessful. Therefore, your complaint file is being closed. Section 95-242 of REDA requires us to notify you of your right to take your own legal action in this matter.

    THIS IS YOUR RIGHT-TO-SUE LETTER. THIS IS THE ONLY OFFICIAL NOTICE YOU WILL RECEIVE FROM THE DEPARTMENT OF LABOR THAT YOUR COMPLAINT HAS BEEN INVESTIGATED AND THAT YOU HAVE A RIGHT TO FILE A LAWSUIT IN SUPERIOR COURT. IF YOU TAKE YOUR OWN ACTION, A LAWSUIT MUST BE FILED WITHIN NINETY (90) DAYS OF THE DATE AT THE TOP OF THIS LETTER.

    You may want to talk with a private attorney to determine whether you should file a lawsuit in this matter. If you do not have an attorney, you could contact the North Carolina Lawyer Referral Service at 1-800-662-7660. If you cannot afford an attorney, you can contact Legal Aid of North Carolina at (919) 856-2564. If you have further questions about this case please call the Investigator who handled your complaint.

                                        Sincerely,

                                        Julie Hughes
                                        Discrimination Investigator

cc:  Respondent
     File

1101 mail service center, Raleigh, North Carolina 27699-1101
Phone | Fax: (919) 807-2824 | email